**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAREN L. WRATCHER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05cv1524 |
| ) | **Electronic Filing** |
| **AFFILIATED COMPUTER** ) | |
| **SERVICES, INC.** and ) | |
| **JACKIE ALI,** Human Resource ) | |
| Mgr. For Affiliated Computer Services, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

October 24, 2007

Defendants, Affiliated Computer Services, Inc. and Jackie Ali, seek dismissal of the complaint for failure of *pro se* Plaintiff, Karen L. Wratcher, to conform to the service requirements of Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c)(2) states that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." FED. R. CIV. P 4(c)(2).

By Memorandum Order dated April 6, 2007, this Court gave Plaintiff sixty (60) days to properly serve her complaint on Defendants. The Order further stated "[t]his sixty (60) day period may be extended upon good cause shown. Should Plaintiff wish to move for an extension of time, she shall so move **before the expiration of the sixty (60) day period**." Plaintiff failed to make service during such period, and failed to request and extension within the allotted time period.[1]

Clearly, this Court is bound by the rules of service, no matter how technical they may seem. Without proper service, the court does not obtain personal jurisdiction over a defendant, and the case may not proceed to judgment. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568

---

[1] On or about August 15, 2007, Plaintiff sent a letter to the Court requesting additional time to complete service on Defendants. The letter was filed as a motion for an extension. Such motion will be debied.

(3d Cir. 1996). A summons is process because service of the summons subjects the person served to the court's jurisdiction which validates any judgment the court may render in the action. *See* FED. R. CIV. P. 4.  Though the rules of service are designed to insure that a defendant has proper notice of a lawsuit, the Court of Appeals for the Third Circuit has made it quite clear that "notice cannot by itself validate an otherwise defective service." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d at 568 *quoting Grand Entertainment Group Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

This case is nearly two (2) years old, and personal service on Defendants has not been accomplished.  Though given more than adequate opportunity, Plaintiff has failed to serve the Defendants in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure.  Accordingly,

### ORDER OF COURT

AND NOW, upon consideration the Motion to Dismiss (**Document No. 19**) filed on behalf of  Defendants, Affiliated Computer Services, Inc. and Jackie Ali,,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is **GRANTED**. This action is hereby dismissed with prejudice.  The Clerk shall mark this case closed.

IT IS FURTHER ORDERED that Plaintiff's Motion for an Extension of Time (**Document No. 22**) is **DENIED**.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:  Karen L. Wratcher
544 Grant Street
Springdale, PA 15144

Stephen L. Korbel, Esquire
Babst, Calland, Clements & Zomnir
Two Gateway Center
8th Floor
Pittsburgh, PA 15222